IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL CHRISTOPHER BLOCKER and BENITA C. BLOCKER, P.O.A,<br><br>    Plaintiffs,<br><br>v.<br><br>DANIEL J. CRAIG; REBECCA "ASHLEY" WRIGHT; JAMES G. BLANCHARD, JR.; HUGH MORRIS HADDEN; TANYA JEFFORDS; and ALEXIA DAVIS,<br><br>    Defendants. | CV 119-036 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Michael Christopher Blocker, an inmate at Ware State Prison in Waycross, Georgia, and Plaintiff Benita C. Blocker are proceeding *pro se* in this case filed pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Augusta, Georgia. They have paid the $400.00 filing fee. Notwithstanding the payment of the filing fee, the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915A.

## I.    THE COMPLAINT IS SUBJECT TO SCREENING UNDER § 1915A

28 U.S.C. § 1915A(a) states, "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity." Mr. Blocker is currently incarcerated in Ware State Prison. (Doc. no. 1, p. 3.) As discussed below, Plaintiffs seek relief against Defendants as officers or employees of governmental entities for their roles in his 2008 trial. (See generally doc. no. 1.) Thus, based on the plain language of § 1915A(a), the complaint is subject to screening because Plaintiffs, one of whom is a prisoner, seek redress from officers and employees of a governmental entity therein.

Furthermore, although she is listed as a separate Plaintiff, the parties apparently intend Ms. Blocker to represent Mr. Blocker in this lawsuit because Ms. Blocker mailed the filing from her residence, (id. at 2, 15), there are no facts related to Ms. Blocker in the complaint, (id. at 5-12), and she is designated as having power of attorney, (id. at 1-2, 13-14). However, there is no indication Ms. Blocker is an attorney, and a non-attorney may not represent another party in federal court.

Under 28 U.S.C. § 1654, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." "The existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney." Stewart v. Moses, No. 7:14-CV-34 HL, 2014 WL 2986730, at *1 (M.D. Ga. July 2, 2014). Under Georgia law, a person granted a power of attorney who is not a lawyer may not represent other parties as such would be the unauthorized practice of law. See O.C.G.A § 15-19-51(a); Toenniges v. Steed, 739 S.E.2d 94, 95 (Ga. Ct. App. 2013). Thus, Ms. Blocker may not represent Mr. Blocker in this lawsuit.

Finally, to the extent Ms. Blocker seeks to bring the claims set forth in the complaint on behalf of Mr. Blocker as his representative, the complaint would still be subject to

2

screening because of the nature of the claim. See In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are requires to screen all civil cases brought by prisoners, regardless of whether the inmate . . . is represented by counsel . . . .") Thus, Ms. Blocker's presence in this lawsuit does not alter the fundamental character of the claims set forth therein, and, thus, screening pursuant to § 1915A is appropriate.

## II. SCREENING OF THE COMPLAINT

### A. BACKGROUND

In the complaint, Plaintiffs name the following Defendants: (1) Daniel J. Craig; (2) Rebecca "Ashley" Wright; (3) Judge James G. Blanchard, Jr.; (4) Hugh Morris Hadden; (5) Tanya Jeffords; and (6) Alexia Davis. (See doc. no. 1, pp. 1, 3-5.) Taking all of Plaintiffs' factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Mr. Craig, who was serving as District Attorney, obtained a grand jury indictment against Mr. Blocker without a DNA expert to confirm Mr. Blocker's DNA and despite reasonable doubt as to Mr. Blocker's guilt. (Id. at 6-7.) Ms. Wright, who was serving as an Assistant District Attorney, "interrupted due process and stole fair trial by jury on third day of trial." (Id. at 6.) Defendants Hadden, Jeffords, and Davis are criminal defense attorneys appointed to represent Mr. Blocker. (Id.) They "office interrupted due process and stole fair trial by jury" by convincing Mr. Blocker to sign a plea agreement, under which Mr. Blocker would only plead guilty to burglary, on the third day of trial. (Id. at 6-7.) However, the plea agreement was fake. (Id. at 7.) Judge Blanchard sentenced Mr. Blocker to "life plus two twenties" under the recidivism statute even though Mr. Blocker did not agree to the sentence and is innocent of the three charges forming the basis of his qualification under the

recidivism statute. (Id. at 7.) Mr. Blocker informed Judge Blanchard he was under the influence of medication prior to sentencing. (Id.) Mr. Blocker waited in jail an entire year for a trial by jury, but his fair trial and due process were taken from him. (Id.) As a result, Mr. Blocker suffered depression, court costs, overmedication, intentional infliction of emotional distress, and loss of: (1) all personal property; (2) employment; (3) both parents' funerals; and (4) time spent with his family and raising his son. (Id. at 7.)

Plaintiffs seek as relief: (1) release from incarceration; (2) a trial by jury; (3) expungement of all criminal charges; (4) reimbursement of all court fees; and (5) $6 million dollars in restitution. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

As set forth above, the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915A. A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. **Plaintiff's Complaint is Barred Under Heck v. Humphrey**

Plaintiff's complaint is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court held, when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Id. In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not

5

cognizable under § 1983. Id. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining claims challenging fact of conviction or duration of sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983).

Plaintiffs claim: (1) the indictment charging Mr. Blocker was invalid; (2) Mr. Blocker's due process rights were violated at trial; (3) Mr. Blocker received ineffective assistance of counsel regarding the plea agreement; and (4) Mr. Blocker was erroneously sentenced. (See doc. no. 1, pp. 6-7.) Were these claims resolved in Plaintiff's favor in this Court, the outcome would inevitably undermine Plaintiff's state conviction. Vickers v. Donahue, 137 F. App'x 285, 290 (11th Cir. 2005). Plaintiffs have not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Accordingly, Plaintiff's claims are barred under Heck.

### 3. Improper Second or Successive Habeas Petition

The Court may look beyond the title of a document to properly analyze its substance. See, e.g., Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (*per curiam*) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief."). The overwhelming majority of the arguments in the complaint reveals this case is, in substance, a request for relief pursuant to

28 U.S.C. § 2254. Any such request must be reviewed by the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases. As Mr. Blocker has previously filed for relief under § 2254, without authorization from the Eleventh Circuit Court of Appeals, this Court cannot hear his current claims.

On June 4, 2012, the Court denied Mr. Blocker's first § 2254 motion as untimely. Blocker v. Danforth, CV 112-064, doc. nos. 3, 5 (S.D. Ga. Apr. 26, 2012). On January 31, 2019, the Court dismissed Mr. Blocker's second § 2254 motion as second or successive, and, on August 28, 2014, the Eleventh Circuit denied Mr. Blocker's application seeking authorization to file a second or successive petition. Blocker v. Danforth, CV 112-168, doc. nos. 9, 11, 13 (S.D. Ga. Oct. 29, 2012). Finally, on June 3, 2016, the Court dismissed Mr. Blocker's third § 2254 motion as second or successive. Blocker v. Hall CV 116-034, doc. nos. 3, 9 (S.D. Ga. Mar. 22, 2016).

The Court has power to take judicial notice of its own records, United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987), and those records reveal Mr. Blocker previously sought, but was denied, federal habeas corpus relief for his 2008 conviction. Mr. Blocker, no doubt, is familiar with the gatekeeping provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") that ban petitioners from filing second or successive petitions for habeas corpus relief in the district courts, which states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th

7

Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Mr. Blocker has not been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition. In fact, the Eleventh Circuit Court of Appeals specifically rejected Mr. Blocker's earlier request to file a second or successive petition. See In re: Michael Blocker, No. 14-13698-D (11th Cir. Aug. 28, 2014). Without such authorization, this Court cannot consider Mr. Blocker's claims. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because petitioner did not first file application with Eleventh Circuit).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiffs' complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of March, 2019, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA