FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 APR 26 PM 2:41
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MICHAEL CHRISTOPHER BLOCKER and )
BENITA C. BLOCKER, P.O.A, )
)
    Plaintiffs, )
)
v. )   CV 119-036
)
DANIEL J. CRAIG; REBECCA "ASHLEY" )
WRIGHT; JAMES G. BLANCHARD, JR.; )
HUGH MORRIS HADDEN; TANYA )
JEFFORDS; and ALEXIA DAVIS, )
)
    Defendants. )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. nos. 4, 5.) While nothing in Plaintiffs' objections undermines the Magistrate Judge's recommendations, Plaintiffs note a scrivener's error on page seven of the R&R. (Doc. no. 4, p. 2.) The R&R states Mr. Blocker's second motion filed pursuant to 28 U.S.C. § 2254 was dismissed as successive on January 31, 2019, when it was, in fact, dismissed on January 31, 2013. (Doc. no. 2, p. 7); see Blocker v. Danforth, CV 112-168, doc. no. 11 (S.D. Ga. Jan. 31, 2013). However, the scrivener's error has no effect on the Magistrate Judge's well-reasoned analysis.

Accordingly, the Court **SUSTAINS** the objection related to the scrivener's error, **OVERRULES** all other objections, **ADOPTS** the R&R of the Magistrate Judge as its opinion except its statement of the wrong date as discussed above, and **DISMISSES** Plaintiffs' case for failure to state a claim upon which relief may be granted.

To the extent Plaintiffs seek successive federal habeas corpus relief under § 2254, the case must be dismissed because Mr. Blocker has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Although Plaintiffs styled their case as a complaint for violation of civil rights, in an abundance of caution, the Court addresses the requirements for obtaining a certificate of appealability ("COA") in a habeas corpus case. A prisoner seeking relief under § 2254 must obtain a COA before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Plaintiffs have failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Plaintiffs are not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 26th day of April, 2019, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA